UNITED STATES DISTRICT COURT, DISTRICT OF NORTH DAKOTA

**NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Danielle Wilkie, individually and on behalf of Oscar Wilkie II, deceased, | ) ) ) | Case No. |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| Edward Gorneau, individually, and in his capacity as a Correctional Officer at Rolette County Jail; | ) ) ) ) ) | |
| Ryan Hiatt, individually, and in his capacity as a Correctional Officer at Rolette County Jail; | ) ) ) ) | **COMPLAINT & JURY DEMAND** |
| Jayde Slater, individually, and in her capacity as Dispatcher/Correctional Officer at Rolette County Jail; | ) ) ) ) | |
| Kim Nadeau, individually, and in her capacity as Captain of the Rolette County Jail; | ) ) ) ) ) | |
| Rolette County, North Dakota, | ) ) | |
| Defendants. | ) | |

**COMES NOW,** the above-named Plaintiff, Danielle Wilkie, individually and on behalf of Oscar Wilkie II, deceased, by and through her attorney of record, Amanda M. Corey of Reichert Law Office, Grand Forks, North Dakota and for her claim against the above-named Defendants alleges and states as follows:

### JURISDICTION

1. This is a civil action brought under 42 U.S.C. §1983 for damages arising under the Constitution of the United States, as subsequent set forth in this Complaint.

2. The Court has jurisdiction of the civil action under:

   a. 28 U.S.C. §1331, as this is a civil action arising under the Constitution and laws of the United States of America;

   b. 28 U.S.C. §1343(3), as this is an action brought to redress deprivations, under color of state law, rights, privileges, and immunities secured to Oscar Wilkie III by the Constitution and the laws of the United States of America; and

   c. 28 U.S.C. §1367(a), as Plaintiff invokes supplemental jurisdiction of this court to hear and adjudicate state law claims.

## PARTIES

3. Plaintiff, Danielle Wilkie (hereinafter "Plaintiff") is a United States Citizen, the natural daughter of Decedent Oscar Wilkie II, and his next surviving kin.

4. Decedent, Oscar Wilkie II (hereinafter "Decedent"), at the time of his death, was a United States Citizen and a pre-trial detainee of Rolette County, North Dakota, detained at the Rolette County Jail.

5. Defendant Edward Gorneau (hereinafter "CO Gorneau"), at all times relevant to this action and upon information and belief was employed by Rolette County, North Dakota as a Correctional Officer at the Rolette County Jail and at all times relevant to this action acted in that capacity and under the color of state law.

6. Defendant Ryan Hiatt (hereinafter "CO Hiatt"), at all times relevant to this action and upon information and belief was employed by Rolette County, North Dakota as a Correctional Officer at the Rolette County Jail and at all times relevant to this action acted in that capacity and under the color of state law.

7. Defendant Jayde Slater (hereinafter "CO/Dispatcher Slater"), at all times relevant to this action and upon information and belief was employed by Rolette County, North Dakota as a Dispatcher/Correctional Officer at the Rolette County Jail and at all times relevant to this action acted in that capacity and under the color of state law.

8. Defendant Kim Nadeau (hereinafter "JA Nadeau"), at all times relevant to this action and upon information and belief was employed by Rolette County, North Dakota as the Administrator of the Rolette County Jail and at all times relevant to this action acted in that capacity and under the color of state law.

9. Defendant Rolette County, North Dakota is a political subdivision of the State of North Dakota.

## STATEMENT OF FACTS

10. On April 13, 2018, Decedent was arrested at approximately 9:46 p.m. near Dunseith, North Dakota.

11. Decedent was transported to the Rolette County Jail, where he was first brought to the Intoxilyzer room for an Intoxilyzer test, which resulted in a blood alcohol content greater than 0.08%. According to CO Gourneau, Decedent had a strong odor of alcoholic beverage coming from his breath, his speech was mumbled, and he seemed like he was under the influence.

12. Afterwards, CO Gourneau escorted Decedent to the changing area, where he was changed from his personal clothing to jail clothing. At this time, CO Gourneau located a black piece of tubing with white powder inside. Decedent informed CO Gourneau that this tubing contained methamphetamine. CO Gourneau provided the tubing with white powder to Officer Wadholm.

13.     At approximately 11:21 p.m., CO Gourneau took Decedent to a holding cell. At this time, CO Gourneau noted that Decedent had trouble walking and needed assistance with walking into the holding cell.

14.     That night, CO Hiatt was assigned to the control room at the Rolette County Jail. The observation cameras for the Rolette County Jail were monitored from the control room. CO Hiatt stated Decedent "acted funny" and "could not walk right." CO Hiatt further stated that Decedent was unable to walk to the toilet and that when he would attempt to walk to the toilet, he would slowly go to a sitting position. CO Hiatt also witnessed Decedent hit his head on the top bunk and stated he was "very off-balance."

15.     CO Hiatt monitored Decedent by video and audio. CO Hiatt was concerned about Decedent and wanted to make sure he was safe. CO Hiatt felt that Decedent was in worse shape than any other inmates that had been accepted into the Rolette County Jail without medical clearance since January 2018.

16.     At approximately 2:17 a.m., CO Hiatt observed Decedent was no longer breathing. CO Gourneau and CO/Dispatcher Slater responded to Decedent's cell. CO/Dispatcher Slater called for an ambulance. Decedent was transported via Rolla ambulance to Presentation Medical Center, where he was pronounced dead.

17.     Special Agent Craig Zachmeier (hereinafter "SA Zachmeier") of the North Dakota Bureau of Criminal Investigation investigated Decedent's death. JA Nadeau provided SA Zachmeier with the jail booking forms for Decedent. The booking forms were marked "DRAFT" as they had not been completed in their entirety at the time of Decedent's death.

18. Per SA Zachmeier's report:

SA Zachmeier reviewed the Rolette County Jail policies. Policy #2.01 was titled "Admissions Procedures." There were multiple areas of the admission process that were not followed as per the Rolette County Jail policy to include:

    A. "If the Shift Supervisor determines that the inmate is too intoxicated, injured or under the influence of a drug to be admitted to the RCJ (Rolette County Jail), the officer will not accept the inmate from law enforcement, but will direct the escorting officer to obtain Medical Clearance from PMC (Presentation Medical Center) or HIS (Indian Health Services) prior to accepting the inmate." . . .

    B. "After the inmate had been searched and the officer determines that the inmate is in an appropriate frame of mind to be processed for admission, the officer shall begin the booking/admitting process." . . .

    C. "Medical, mental health and suicide screening forms" to be completed. (No notes were located as to why this form was not completed.)

    D. "FOURTEEN REASONS THAT WARRANT A MEDICAL CLEARANCE PRIOR TO INCARCERATION:"

        1) "Someone who cannot walk under their own power."

Please note that it is a common practice amongst jails in North Dakota, including the Rolette County Jail, that if an inmate is accepted into a correctional facility, with or without receiving medical clearance, and are not able to complete the booking process (to include the medical intake form) that the inmate is placed in a holding/observation cell with fifteen (15) minute checks. According to the Rolette County Jail written policy, this practice was not allowed, though it was known to SA Zachmeier that this practice was the unwritten policy and procedure.

19. Despite Admissions Procedures clearly outlined within the Rolette County Jail policies, CO Gourneau, CO Hiatt, and Dispatcher/CO Slater failed to seek medical care for Decedent, which resulted in his untimely death.

## COUNT I
## DELIBERATE INDIFFERENCE TO CIVIL RIGHTS, PURSUANT TO 42 U.S.C. §1983 AND THE FOURTH, EIGHTH, AND FOURTEENTH AMENDMENTS AS TO ALL DEFENDANTS

20. Plaintiffs hereby incorporate by reference paragraphs 1 through 19 of this Complaint as though fully set forth herein.

21. Defendants knew, or should have known, that Decedent consumed methamphetamines shortly before he was arrested.

22. Defendants knew, or should have known, that Decedent consumed methamphetamines shortly after he was arrested.

23. Defendants knew and/or should have known that an inmate with Decedent's history of recent drug usage and addictions would attempt to continue this practice of drug usage while incarcerated.

24. Defendants are responsible for ensuring the health, safety, and well-being of inmates placed under their custody and control, and are responsible for enacting, enforcing and administering appropriate policy, procedure and practices to carry out this function.

25. In deliberate indifference to Decedent's constitutional rights, Defendants failed to ensure that Decedent was properly examined and/or medically cleared by a physician or other medical professional during his incarceration at Rolette County Jail.

26. In deliberate indifference to Decedent's constitutional rights, Defendants failed to properly and sufficiently monitor the presence of contraband, such as illicit substances, by inmates, particularly, Decedent.

27. In deliberate indifference to Decedent's constitutional rights, Defendants failed to house Decedent in a properly constructed cell, so as to prevent the passing of contraband substances, such as methamphetamines and other drugs, to Decedent by other inmates or visitors.

28. In deliberate indifference to Decedent's constitutional rights, Defendants failed to observe and monitor Decedent's cell so as to detect or prevent the passing of contraband substances, such as methamphetamines and other drugs, to Decedent.

29. In deliberate indifference to Decedent's constitutional rights, Defendants failed to observe, supervise, control, and monitor the activity of inmates in and around Decedent's cellblock, so as to detect or prevent the passing of contraband substances, such as methamphetamines and other drugs, to Decedent.

30. In deliberate indifference to Decedent's constitutional rights, Defendants failed to properly and adequately monitor, control and observe Decedent so as to detect efforts by Decedent to obtain contraband substances or prevent the passing of contraband substances to Decedent.

31. As a direct and proximate result of Defendants' deliberate indifference to Decedent's constitutional rights, as set forth herein, Decedent was provided with or in possession of methamphetamine and/or other drugs, and ingested the same within the Rolette County Jail and/or police custody, resulting in serious physical injury, pain and suffering, mental anguish, and death.

32. WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands compensatory damages against each Defendant jointly and severally, in an amount in excess of One Hundred Fifty Thousand and 0/100 dollars ($150,000.00), plus punitive

damages, reasonable attorney fees and costs, and such other and further relief as this court deems appropriate.

## COUNT II
## DELIBERATE INDIFFERENCE TO DECEDENT'S SERIOUS MEDICAL NEEDS, PURSUANT TO 42 U.S.C. 1983 AND THE FOURTH, EIGHTH, AND FOURTEENTH AMENDMENTS AS TO ALL DEFENDANTS

33. Plaintiffs hereby incorporate by reference paragraphs 1 through 32 of this Complaint as though fully set forth herein.

34. Decedent's condition constituted a serious medical need of which Defendants knew, or should have known, and the actions and/or inactions of Defendants, acting under color of state law, as set forth previously in this Complaint, constituted deliberate indifference to Decedent's serious medical needs, which could be expected to lead to serious physical injury, substantial pain and suffering, emotional distress, and death, all of which did occur.

35. Defendants acted with deliberate indifference to Decedent's serious medical needs.

36. As a direct and proximate result of Defendants' deliberate indifference to Decedent's serious medical needs, as set forth herein, Decedent's physical condition was allowed to deteriorate so substantially that it resulted in serious physical injury, pain and suffering, mental anguish, and death.

37. WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands compensatory damages against each Defendant jointly and severally, in an amount in excess of One Hundred Fifty Thousand and 0/100 dollars ($150,000.00), plus punitive damages, reasonable attorney fees and costs, and such other and further relief as this court deems appropriate.

## COUNT III
## DELIBERATE INDIFFERENCE TO CIVIL RIGHTS, PURSUANT TO 42 U.S.C. §1983 AND THE FOURTH, EIGHTH, AND FOURTEENTH AMENDMENTS PATTERN, PRACTICE, AND POLICY AS TO DEFENDANTS JA NADEAU AND ROLETTE COUNTY

38. Plaintiffs hereby incorporate by reference paragraphs 1 through 37 of this Complaint as though fully set forth herein.

39. Defendants acted with deliberate indifference to Decedent's constitutional rights by having a known pattern, practice, and/or policy of inadequate observation and supervision of inmates in their care, custody and control, including those who are undergoing detox and/or withdrawal of substances, such as Decedent.

40. Defendants acted with deliberate indifference to Decedent's constitutional rights by having a known pattern, practice, and/or policy of permitting inadequate supervision of their correctional and medical staff. Specifically, supervisory or administrative staff of the Rolette County Jail failed to ensure that the police officers, medical personnel, and correctional officers provided adequate and thorough monitoring and observation of inmates.

41. Defendants acted with deliberate indifference to Decedent's constitutional rights by having a known pattern, practice, and/or policy of permitting inadequate supervision of inmates undergoing detox, overdosing, or having withdrawal symptoms.

42. Defendants acted with deliberate indifference to Decedent's constitutional rights by having a known pattern, practice, and/or policy of failing to house inmates undergoing detox, overdosing, and/or experiencing withdrawal from substances in cells which restricted access to other inmates and which restricted the potential for

contraband to be passed to inmates undergoing detox, overdose, and/or experiencing withdrawal.

43. Defendants acted with deliberate indifference to Decedent's constitutional rights by having a known pattern, practice, and policy of failing to monitor individual cells and cell blocks in which inmates undergoing detox, overdosing, and/or experiencing withdrawal of substances were housed, to prevent and deter the passing of contraband substances to such inmates, including Decedent.

44. Defendants acted with deliberate indifference to Decedent's constitutional rights by having a known pattern, practice, and policy of failing to monitor surveillance cameras in order to prevent and deter the passing of contraband substances to inmates undergoing detox, overdosing, and/or experiencing withdrawal of substances, such as Decedent.

45. Defendants acted with deliberate indifference to decedent's constitutional rights by having a known pattern, practice, and policy of failing to train corrections officers and medical personnel in the correct and proper monitoring of the inmates' detox, overdose, and/or withdrawal symptoms.

46. Defendants acted with deliberate indifference to Decedent's constitutional rights by having a known pattern, practice, and policy of failing to train the correctional officers in the proper procedures for monitoring inmates undergoing detox, overdosing, and/or experiencing withdrawal of substances to prevent the passing of contraband substances into these inmates' cells.

47. Defendants acted with deliberate indifference to Decedent's constitutional rights by having a known pattern, practice, and policy of failing to enact and/or enforce policy and procedures at the Rolette County Jail for:

1. Requiring monitoring of inmates;

2. Requiring monitoring of cells of inmates undergoing detox, overdosing, or experiencing withdrawal from substances to detect and prevent the passing of contraband substances to these inmates;

3. Requiring that a physician examine inmates undergoing detox, overdosing, or experiencing withdrawal from substances;

4. Requiring that a physician examine inmates who are not able to walk without assistance to be medically cleared by a physician prior to incarceration;

5. Requiring the completion of necessary and informative "booking" paperwork prior to incarceration;

6. Requiring that inmates who are too intoxicated, injured, or under the influence of a drug to be medically cleared by a physician prior to incarceration;

48. As a direct and proximate result of Defendants' deliberate indifference to Decedent's constitutional rights, as set forth herein, Decedent sustained serious physical injury, pain and suffering, mental anguish, and death.

49. WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands compensatory damages against each Defendant jointly and severally, in an amount in excess of One Hundred Fifty Thousand and 0/100 dollars ($150,000.00), plus punitive

damages, reasonable attorney fees and costs, and such other and further relief as this court deems appropriate.

## COUNT IV
## NEGLIGENCE
## AS TO ALL DEFENDANTS

50. Plaintiffs hereby incorporate by reference paragraphs 1 through 49 of this Complaint as though fully set forth herein.

51. That N.D.C.C. §32-12.1-04 provides:

An action for injuries proximately caused by the alleged negligence, wrongful act, or omission of an employee of a political subdivision occurring within the scope of the employee's employment or office shall be brought against the political subdivision. If there is any question concerning whether the alleged negligence, wrongful act, or omission occurred within the scope of employment or office of the employee, the employee may be named as a party to the action and the issue may be tried separately. A political subdivision must defend the employee until the court determines the employee was acting outside the scope of the employee's employment or office.

N.D. Cent. Code §32-12.1-04.

52. Negligent conduct under N.D.C.C. §32-12.1 provides that an employee may be liable personally for acts or omissions which constitute reckless, grossly negligent conduct, or willful or wanton misconduct, whereas, N.D.C.C. §32-12.2-04 provides that a political subdivision may be liable for the negligent acts of employees, where the employees are acting within the scope of their employment.

53. That Defendants were acting within the scope and course of their employment during the acts and/or omissions which are fully set out within this Complaint.

54. That while acting within the scope of employment of Rolette County, North Dakota, the Defendants' are liable both jointly and severally for the death of Decedent as a result of the negligence by all Defendants.

55. That the Plaintiff has suffered and continues to suffer irreparable harm due to the acts of the Defendants.

56. WHEREFORE, Plaintiff demands compensatory damages against each Defendant jointly and severally, in an amount in excess of One Hundred Fifty Thousand and 0/100 dollars ($150,000.00), plus punitive damages, reasonable attorney fees and costs, and such other and further relief as this court deems appropriate.

## COUNT V
## WRONGFUL DEATH AS TO ALL DEFENDANTS

57. Plaintiffs hereby incorporate by reference paragraphs 1 through 56 of this Complaint as though fully set forth herein.

58. That N.D.C.C. § 32-21 provides:

> Whenever the death of a person shall be caused by a wrongful act, neglect, or default, and the act, neglect, or default is such as would have entitled the party injured, if death had not ensued, to maintain an action and recover damages in respect thereof, then and in every such case the person who, or the corporation, limited liability company, or company which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured or of the tort-feasor, and although the death shall have been caused under such circumstances as amount in law to felony.

N.D. Cent. Code § 32-21.

59. That as a result of the deliberate indifference to Decedent's constitutional rights and negligence on the part of Defendants, as described more fully above, Decedent, Oscar Wilkie II died while an inmate at the Rolette County Jail.

60. Decedent died intestate with children. Plaintiff, Danielle Wilkie, as a natural child of Oscar Wilkie II, has a right to and does bring this action under N.D.C.C. § 32-21.

61. As a direct and proximate result of the acts of all Defendants, as more fully set forth above, Plaintiff, as a wrongful death beneficiary, will continue to be deprived of the affection, aid, society, and comfort of the Decedent.

62. Plaintiff claims damages for the pecuniary losses suffered by Plaintiff by reason of the death of Oscar Wilkie II, as well as the loss of affection, aide, society, and comfort of Decedent, and reimbursement of hospital, medical, and funeral expenses, and other expenses incurred in connection therewith, and all other damages compensable under North Dakota's Wrongful Death Act.

63. WHEREFORE, Plaintiff demands compensatory damages against each Defendant jointly and severally, in an amount in excess of One Hundred Fifty Thousand and 0/100 dollars ($150,000.00), plus punitive damages, reasonable attorney fees and costs, and such other and further relief as this court deems appropriate.

Dated this 10th day of April, 2020.

REICHERT LAW OFFICE

_____
AMANDA M. COREY
(ND ID# 08415)
118 Belmont Road
Grand Forks, ND 58201
701-787-8802
supportstaff@reichertlaw.com
Attorney for Plaintiffs

## JURY DEMAND

Plaintiffs demand a trial by jury of all issues triable of right by a jury, pursuant to Rule 68(b) of the Federal Rules of Civil Procedure and the Seventh Amendment to the Constitution of the United States.

Dated this 10th day of April, 2020.

REICHERT LAW OFFICE

_____
AMANDA M. COREY
(ND ID# 08415)
118 Belmont Road
Grand Forks, ND 58201
701-787-8802
supportstaff@reichertlaw.com
Attorney for Plaintiffs
